UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**FIRST EMMANUEL BAPTIST CHURCH**                                   **CIVIL ACTION**

**VERSUS**                                                          **No. 07-8841**

**COLONY INSURANCE COMPANY**                                        **Section I/4**

ORDER AND REASONS

Before the Court is a motion to dismiss filed by defendant American Empire Surplus Lines Insurance Company ("American Empire"), wherein American Empire argues that plaintiff's claims against it have prescribed. Pursuant to the consent of counsel for both parties, the Court converted the motion into a motion for summary judgment. For the following reasons, defendant's motion for summary judgment is **GRANTED.**

BACKGROUND

Plaintiff alleges that a building it owns in New Orleans was damaged by Hurricanes Katrina and Rita.[1] On August 29, 2007, just prior to the end of the extended prescriptive period for lawsuits related to Hurricane Katrina,[2] plaintiff filed this lawsuit against its general commercial liability carrier, Colony Insurance Company ("Colony"), in state court, alleging breach of contract and bad

---

[1] Rec. Doc. No. 1-1 (petition), paras. 3-5.

[2] The Louisiana legislature extended the prescriptive period for all insurance claims stemming from Hurricanes Katrina and Rita to two years. La. Rev. Stat. Ann. § 22:658.3.

1

faith in adjusting plaintiff's claim for property damage.[3]  Colony removed the case to this Court on November 15, 2007.[4]

Plaintiff acknowledges that Colony was not the proper insurer to sue and it amended its complaint on June 5, 2008, dismissing Colony from the lawsuit and naming American Empire as defendant.[5] American Empire was served on June 10, 2008.[6]  American Empire filed this motion, arguing that plaintiff's claims against it prescribed months before plaintiff filed the amended complaint.[7] American Empire further argues that the amended complaint cannot relate back to plaintiff's original complaint against Colony, which is a separate and distinct company.[8]

## LAW AND ANALYSIS

### I. STANDARD OF LAW

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact.  Fed. R. Civ. P. 56(c).  The party seeking summary

---

[3] Rec. Doc. No. 1-2, pp. 9-14.

[4] Rec. Doc. No. 1.

[5] Rec. Doc. No. 13, para. 1(d) ("The original naming of Colony Insurance Company was a 'mistake of identity' in that the wrong insurance company was sued and Colony Insurance Company should be dismissed and American Empire should be substituted in its place.").

[6] Rec. Doc. No. 22.

[7] Rec. Doc. No. 23.

[8] *Id.*

judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 266, 274 (1986).  The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case.  *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).  The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted).  Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202, 211-12 (1986).  The party responding

to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255, 106 S. Ct. at 2513, 91 L. Ed. 2d at 216; *see Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S. Ct. 1545, 1551-52, 143 L. Ed. 2d 731, 741 (1999).

## II. DISCUSSION

### A. PRESCRIPTION

American Empire argues that plaintiff's claims with respect to its alleged property damage resulting from Hurricane Katrina prescribed on September 1, 2007, several months before plaintiff named American Empire as a defendant in its amended complaint on June 5, 2008.[9]

The American Empire insurance policy provided for a one year prescriptive period.[10] With respect to damage claims filed against property insurers post Hurricanes Katrina and Rita, the Louisiana legislature extended the prescriptive period through September 1,

---

[9] American Empire does not address prescription of plaintiff's claims resulting from Hurricane Rita. However, the Court notes that the claims prescribed on October 1, 2007.

[10] Rec. Doc. No. 23-5, p. 2, para. 10 ("No suit, action, or proceeding for the recovery or any claim under this policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after the discovery by the insured...."); Rec. Doc. No. 26, p.1.

Louisiana law provides that the prescriptive period for a cause of action involving an insurance contract shall not be less than one year. La. Rev. Stat. Ann. § 22:629(B).

2007 for claims resulting from Hurricane Katrina and through October 1, 2007 for claims resulting from Hurricane Rita. La. Rev. Stat. Ann. § 22:658.3; *see State of Louisiana v. All Prop. and Cas. Ins. Carriers Authorized & Licensed to Do Business in the State of La.*, 937 So.2d 313, 330 (La. 2006)(affirming the constitutionality of the extended prescriptive period).[11]

Plaintiff admits that it filed and served the amended complaint "outside of the prescriptive period," but contends that the amended complaint relates back to the filing of plaintiff's original petition because "American Empire should have known it was the proper party to be sued."[12]

B. **RELATION BACK**

The Federal Rules of Civil Procedure allow amendments of pleadings to relate back to the original filing under limited circumstances.[13] Rule 15(c) of the Federal Rules of Civil Procedure

---

[11] The Louisiana legislature re-designated this statute as La. Rev. Stat. § 22:1894, effective on January 1, 2009. Acts 2008, No. 415, §1.

Because this is a diversity case involving an insurance policy issued in Louisiana for property situated in Louisiana, Louisiana substantive law applies. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188, 1194 (1938)).

[12] Rec. Doc. No. 26, pp. 1-2.

[13] Louisiana law also provides for relation back of amended pleadings. As previously stated by United States District Judge Stanwood Duval, Jr., "[t]he Fifth Circuit has suggested some uncertainty in the law regarding whether, in a case founded on diversity jurisdiction, state law or Federal Rule of Civil Procedure 15(c) guides relation back analysis. However, the Fifth Circuit has also held that the '[t]he four-prong federal and Louisiana tests for relation back are identical,' thus mooting this issue for the time being." *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4128, 2008 WL 3906760, at *4 (E.D. La. 2008) (Duval, J.)(quoting *Braud v. Transp. Service Co. Of Ill.*, 445

5

states:

> (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

Accordingly, "when an amended complaint changes the name of a party or substitutes a new party,(1) it must arise out of the same circumstances asserted in the original pleading, (2) the new party must have received sufficient notice of the action so as not to be prejudiced, (3) the proper party must at least have constructive knowledge that but for a mistake concerning the identity of the proper party, suit would have been brought against it, and (4) the second and third requirements must occur within 120 days of the original complaint, or longer if good cause is shown." *Allstate Ins. Co. v. Torres*, No. 06-5206, 2007 WL 3102791, at *3 (E.D. La. Oct. 23, 2007)(citing *Skocylas v. Federal Bureau of Prisons*, 961

---

F.3d 801, 808 n. 15 (5th Cir. 2006)) (citations omitted)

F.2d 543, 545 (5th Cir. 1992)); *see also Jacobsen v. Osborne*, 133 F.3d 315, 319-20 (5th Cir. 1998). Although defendant has the burden of proving the defense of prescription, plaintiff carries the burden of proving that the amendment relates back. *See Dodson v. Hillcrest Securities Corp.*, Nos. 92-2353, 92-2381, 1996 WL 459770, at *10 (5th Cir. July 24, 1996).

American Empire claims that it did not have knowledge of the litigation within 120 days of the filing of plaintiff's petition.[14] George Wesley Berkheimer, a general adjuster for American Empire, declares in a sworn affidavit that American Empire, after adjusting plaintiff's claim, submitted a payment to plaintiff on January 6, 2006 and that American Empire received no further communications from plaintiff until June 10, 2008 when plaintiff served the amended complaint.[15] Berkheimer also states in his affidavit that American Empire had no knowledge that plaintiff filed a lawsuit against Colony until that same date.[16]

Plaintiff does not assert any good cause for extending the notice requirement beyond 120 days. Instead plaintiff contends that American Empire should have known of the lawsuit and that it was the proper defendant because it shared an identity of

---

[14] Rec. Doc. No. 23-2, p. 6.

[15] Rec. Doc. No. 23-12, paras. 4-10.

[16] *Id.* at para. 11.

interest with Colony by "insur[ing] the same property."[17]  The Fifth Circuit has held that courts, as an exception to the notice requirement, may infer notice of litigation when there is an identity of interest between the original defendant and the defendant that the plaintiff seeks to substitute.  *Jacobsen*, 133 F.3d at 320 (citing *Moore v. Long*, 924 F.2d 586, 588 (5th Cir. 1991)). However, plaintiff has not directed the Court's attention to, nor has the Court found, any authority that provides that companies that insure the same party have an identity of interest that allows courts to infer notice.[18]

The Fifth Circuit has held that an identity of interest exists when "the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other."  *Jacobsen*, 133 F.3d at 320 (quoting *Kirk v. Cronvich*, 629 F.2d 404, 408 n. 4 (5th Cir. 1980)).[19] Plaintiff submits no

---

[17] Rec. Doc. No. 26, p. 2.

[18]  The only case plaintiff cites is *Cholopy v. City of Providence*, where a plaintiff initially named a city, police department, police officers, and "John Does" and then later replaced the "John Does" with particular individuals. The court found that "[a]lthough it is unlikely that the New Defendants and Original Defendants share[d] an identity of interest," the newly-added defendants had constructive notice based on shared counsel. 228 F.R.D. 412, 417-18 (D.R.I. 2005). Plaintiff does not suggest that American Empire and Colony share counsel, only that the companies insure the same property.

[19] Courts have found an identity of interest between corporate entities and their officers and between entities which share officers, directors, or counsel.  *See, e.g., Jacobsen*, 133 F.3d at 320 (finding notice may be imputed through shared counsel); *B.S. Livingston Exp. Corp. v. M/V Ogden Fraser*, 727

evidence to suggest that American Empire and Colony are "closely related." Instead, Berkheimer declares in his affidavit that Colony and American Empire are "separate and distinct companies"[20] and plaintiff offers no evidence to refute this statement.[21]

Plaintiff also argues that American Empire should have known of the litigation because its insurance "claim was still open."[22] Berkheimer states in his affidavit that on January 6, 2008 American Empire paid plaintiff $85,259.29 for the actual cash value of the claimed damages and that plaintiff never informed American Empire that it was not satisfied with the payment.[23] Plaintiff offers no exhibits indicating that it sought any

---

F. Supp. 144, 146 (S.D.N.Y. 1989) (holding that the owner of a company shared an identity of interest with the company); *Bowden v. Wal-Mart Stores, Inc.*, 124 F. Supp. 2d 1228, 1242 (M.D. Ala. 2000) (finding an identity of interest between two hospitals which shared directors and counsel). Plaintiff does not allege or submit any evidence to suggest that Colony and American Empire have any such connection.

[20] Rec. Doc. No. 23-12, p. 2, para. 14.

[21] Plaintiff also argues that American Empire had notice of the lawsuit against Colony, and should have known that it was the proper party to the lawsuit, because "[i]t is believed" that American Empire's counsel subscribed to "a 'list serve' of suits filed in New Orleans." Rec. Doc. No. 26. Plaintiff does not submit any such evidence and counsel confirmed in a telephone conference with the Court that it does not intend to submit any further information or documents. The Court, therefore, rejects this argument.

[22] Rec. Doc. No. 26, p. 3.

[23] Rec. Doc. No. 23-12, paras. 6-9.

additional amount or that it objected to the amount paid.[24] American Empire, however, directs the Court's attention to a sworn proof of loss that plaintiff submitted on January 20, 2006, wherein plaintiff states the amount claimed is $85,259.29.

Plaintiff has not identified any facts or submitted any evidence to establish a genuine issue of material fact that American Empire knew or should have known of the lawsuit against Colony and that it was the proper party to the lawsuit. Further, plaintiff's submission of a sworn proof of loss and receipt of payment indicates that plaintiff was aware that American Empire was the proper party to sue for property damage in January, 2006 and suggests to the Court that plaintiff's error may not constitute the type of mistake that should be cured by Rule 15(c). *See In re Katrina Canal Breaches Consol. Litig.*, 2008 WL 3906760, at *6 ("[T]here is no legitimate reason why the Plaintiff could not have named the correct defendant here, particularly where the Plaintiff had full knowledge of who its own insurer was."); *see also Cornwell v. Robinson*, 23 F.3d 694, 705 (2d Cir. 1994) ("[Plaintiff's] failure to [sue the correct parties] in the original complaint, in light of her obvious knowledge [of their identities] . . . must be considered a matter

---

[24] Even had plaintiff submitted such evidence, an open claim would not provide notice of litigation. Insurers often settle claims before a lawsuit is filed. Moreover, by requiring "notice of the action," Rule 15(c) refers to notice of the lawsuit not notice "of the incident giving rise to the lawsuit." *Craig v. United States*, 413 F.2d 854, 858 (9th Cir. 1969).

of choice, not mistake.").

Accordingly,

**IT IS ORDERED** that defendant's motion to dismiss is **GRANTED** and the above-captioned lawsuit is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, November __18th__, 2008

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**